WEST *v.* GAINESVILLE NATIONAL BANK.

No. 6502. February 27, 1929.

*Dean & Wright* and *E. D. Kenyon,* for plaintiff in error.
*Jones & Reid* and *Edgar Dunlap,* contra.

Hill, J. The Gainesville National Bank brought suit against J. F. West on certain promissory notes, and obtained judgment, on November 17, 1921, for $1,697.26 principal, besides interest, attorney's fees, and costs. Execution was issued against the defendant, and was levied, December 15, 1921, on certain real and personal property as the property found in possession of the defendant in fi. fa. W. I. West, a brother of J. F. West, filed a claim to the property levied upon, and thereafter J. F. West filed a voluntary petition in bankruptcy. He was adjudicated a bankrupt, and B. P. Gaillard Jr. was appointed as trustee. The trustee filed a petition praying that he be allowed to intervene in the claim case, for the benefit of all the creditors of the bankrupt, and to assert all the rights of the Gainesville National Bank and to prosecute the case and the levy of the execution and the liability on the forthcoming bond, as if he were the original plaintiff in execution. The petition for intervention alleged, among other things, that the judgment in favor of the bank, having been rendered within four months from the filing of the petition in bankruptcy, "would ordinarily be dissolved, but by the order of bankruptcy court . . . the lien of said judgment and execution and levy have been ordered preserved for the bankrupt's estate, and all the creditors of said bankrupt, and petitioner as trustee as aforesaid, have been ordered by the said bankruptcy court to prosecute said judgment, execution, and claim case for the benefit of all the creditors of said bankrupt. The said Gainesville National Bank has duly assigned the aforesaid judgment and execution and all its rights under the same to petitioner, as trustee aforesaid, for the benefit of the estate of said bankrupt and all of the creditors of said bankrupt." The

court ordered that the trustee be permitted to intervene as prayed; and he was made a party to the case for the benefit of creditors of the estate of J. F. West, bankrupt, "for purpose of prosecuting claim and fi. fa. of Gainesville National Bank for the benefit of said bank as well as the creditors of said estate." On the trial the jury found the property levied on subject to the execution. The claimant made a motion for new trial, which was overruled, and he excepted.

The first special ground of the motion for new trial complains that the court erred in admitting in evidence the transfer of the fi. fa. by the president of the bank to the trustee in bankruptcy, on the ground that the transfer was signed, "Gainesville National Bank by Samuel C. Dunlap, President," and did not have the seal of the bank thereon, and that the transfer was void because it did not express any consideration, and was not properly executed in order to transfer title. It is insisted that there was no proper proof of the execution of the instrument, no proof of the signature of the president, etc. It was further insisted that the trustee in bankruptcy having alleged in his petition for intervention that the Gainesville National Bank had duly assigned the judgment and execution to him for the benefit of the estate of the bankrupt and all the creditors of the bankrupt, and having failed to produce evidence of such assignment, he is not entitled to recover. We are of the opinion that under the facts of this case a more formal transfer of the fi. fa. was unnecessary. The fi. fa. was proceeding by levy and claim when the defendant in fi. fa. filed his voluntary petition in bankruptcy and was adjudicated a bankrupt, and B. P. Gaillard Jr. was made his trustee. It appears that the referee in bankruptcy required the trustee to intervene in this case. There appears in the record the petition of the trustee to the State court, in which the copy of the transfer of the fi. fa. to the trustee is set forth; and a consent judgment was taken in pursuance of the petition, making the trustee a plaintiff in fi. fa., in order to prosecute the case for the purposes therein set out. In these circumstances we are of the opinion that the claimant is estopped by this judgment from denying that the fi. fa. was properly transferred. Moreover, the rights of the claimant are not affected by the question of who holds the legal title to the fi. fa.; that is, whether there had been a legal written assignment. That question would properly

arise between claimants to the proceeds arising from the sale of the property.

■ In special ground 2 of the motion it is stated that the evidence showed that J. F. West had filed a voluntary petition in bankruptcy, and had been adjudicated a bankrupt within less than four months from the date of the judgment in favor of the Gainesville National Bank, that said bankruptcy proceedings had been followed by a discharge of J. F. West, and that the judgment and fi. fa. in the hands of the bank could not proceed in order to subject the property levied on and claimed by the plaintiff in error, or furnish any foundation for a verdict finding the property subject; and inasmuch as the fi. fa. and judgment had not been transferred to Gaillard Jr., trustee, it had no validity, and a verdict finding the property subject was void and contrary to law and contrary to the evidence. Section 67 (b, f) of the bankruptcy act (U. S. Ann. Code § 107 (b, f)) is as follows: (b) "Whenever a creditor is prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate." "(f) That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid." Under these provisions, although the lien of the judgment obtained by the Gainesville National Bank was discharged by the bankruptcy proceedings in so far as it afforded any benefit or advantage to the bank, the trustee in bankruptcy had the right to preserve the lien for the benefit of all the creditors of the bankrupt. It can not be said, therefore, that under the facts of the case the lien was discharged, for it was in fact preserved

for the benefit of all creditors. See Black on Bankruptcy (3d ed.), 843, § 384; Receivers etc. *v.* Staake, 133 Fed. 717; 3 R. C. L. 294, §§ 119, 120.

■ Grounds 3 and 4 of the motion for new trial are in effect an elaboration of the general grounds. We have carefully examined the evidence, and have reached the conclusion that the verdict is supported. All the property in controversy, which is claimed by the brother of the defendant in fi. fa., was transferred to the claimant, who had knowledge of the suit pending against his .brother. See, .in this connection, *Conley* v. *Buck,* 100 *Ga.* 206 (28 S. E. 97); *Peck* v. *Land,* 2 *Ga.* 1 (46 Am. D. 368). After the transfer of the property to the claimant, the defendant in fi. fa. remained in possession of all of it, except two mules, which the claimant took possession of and sold. The defendant in fi. fa. disposed of certain of the personal property and appropriated it· to his own use. There were other indicia of fraud; for instance, four separate notes were in evidence as a part of the ·transaction between the claimant and the defendant in fi. fa., each purporting to have been executed on different dates and in different years, but the testimony tended to show that they were all written upon the same kind of paper, with the same ink and the same pen, and the paper was apparently of the same age; and while it is true that the evidence tended to show that the claimant was a creditor of the defendant in fi. fa., and that he had paid a certain sum as· a part of the consideration for the property, there was evidence from which the jury might have inferred that the transfer of this property was made for the purpose of hindering, delaying, and defrauding the creditors of the defendant in fi. fa. So we reach the conclusion that the evidence authorized the verdict; and no errors of law appearing in the trial of the case, and the trial judge being satisfied with the verdict, this court does not feel authorized to disturb it.

*Judgment affirmed. All the Justices concur.*